IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ASHLEY ROOZE, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| CITY OF ORD, NEBRASKA, and | ) | |
| CHRISTOPHER GROOMS, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW Plaintiff, Ashley Rooze, by and through her counsel of record, for her causes of actions against the defendants, is informed and believes, and upon such information and belief, states and alleges as follows:

## INTRODUCTION

1.    This lawsuit is brought pursuant to the provisions of 42 U.S.C. § 1983 for infringement of Ashley Rooze's civil rights guaranteed by the Fourth, and Fourteenth Amendments of the United States Constitution and other applicable law. Ashley Rooze seeks relief for injuries sustained after being subjected to an unconstitutional arrest and search in her own home during a "wellness check" in Ord, Nebraska.

## THE PARTIES

2.    Plaintiff, Ashley Rooze is a resident of Ord, Nebraska.

3.    Defendant, City of Ord, is a municipality incorporated in the State of Nebraska. It is responsible for the Constitutional violations caused by its officers,

1

agents, and employees acting according to its customs and policy. The City of Ord's principal place of business is in Valley County, Nebraska.

4.     Defendant Christopher Grooms was at all material times the Chief of Police and chief policymaker for the Ord Police Department. At all times material to this Complaint, Defendant Christopher Grooms was acting under color of state law.

5.     As the Chief Policy maker for the Ord Police Department, the decisions of Chief Grooms constituted the official policies of the City of Ord, no matter how unconstitutional.

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over this lawsuit's 42 U.S.C. § 1983 claims under 28 U.S.C. §§ 1331 and 1343.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because the actions and/or events giving rise to this lawsuit occurred in Nebraska.

## FACTUAL ALLEGATIONS

8.     Ashley Rooze ("Ashley") is a single mother and survivor of domestic violence and family abuse.

9.     Ashley has been diagnosed with PTSD, ADHD, anxiety, and depression.

10.     Despite these challenges, Ashley's children are healthy and happy, and Ashley was able to have a successful career.

11.     Ashley was passionate about competitive fitness and never had a criminal record.

12.     Like many single mothers, on the night of October 1, 2024, Ashley was having a tough night and requested some child-care support from her boyfriend.

13.     He, in turn, contacted Ashley's ex-mother-in-law to go help.

14.     Ashley, like many divorced parents, did not want her ex-mother-in-law's assistance and did not allow her ex-mother-in-law into the home.

15.    In the ensuing confusion and miscommunications, Ashley's boyfriend requested a wellness check from the Ord Police Department.

16.    Chief of Police Christopher Grooms ("Chief Grooms") received the request for a wellness check and proceeded to Ashley's house.

17.    Chief Grooms and Ashley knew each other socially, had been friendly for several years, and he had at one time attempted to recruit her to the Ord Police Department.

18.    Once on scene, Chief Grooms knocked repeatedly and waited mere seconds before yelling, "Ashley, come to the door-Ord Police Department."

19.    At no time did Chief Grooms announce why he was there in the middle of the night.

20.    Once Ashley opened the door, Chief Grooms immediately threatened her dogs, who showed no aggressive behavior at all.

21.    Chief Grooms, still without announcing why he was there, stated, "If they [the dogs] attack me, I am shooting them," and then he proceeded to open the screen door without providing Ashley any time to restrain the dogs.

22.    Ashley, rationally, shut her front door.

23.    No reasonable person, much less a victim of abuse, would allow a large armed man into her home in the middle of the night when he had just threatened to shoot her dogs and had not announced his purpose.

24.    And, no law required Ashley to do so.

25.    In a fit of rage, Chief Grooms then kicked in Ashley's front door, condescendingly chastising her to "do not do that ever again" as though she were a little girl.

26.    He then arrested her in her own home, in front of her own child, for no reason whatsoever but to stroke his own ego.

27.    When Ashley demanded to know what she was being arrested for, Chief Grooms just made something up. "Well now you are under arrest for resisting," he declared, yet Ashley merely demanded to know why she was being illegally arrested.

28.    Instead of protecting Ashley's rights, acting to de-escalate, or ensuring everyone's safety, Chief Grooms acted like so many men in Ashley's life. He assaulted and abused her—another violent man, another trauma.

29.    After her arrest, Chief Grooms entered the home without a warrant, permission, or any exigent circumstances and engaged in an illegal search. Unsurprisingly, the dogs were friendly and happily greeted him upon his reentry into the house.

30.    Chief Grooms proceeded to take Ashley to jail and had her booked.

31.    During the arrest, Chief Grooms used excessive force on Ashley's wrists, used excessive force in applying the handcuffs, and thereby caused Ashley severe injuries, including permanent nerve damage.

32.    The prosecutor declined to file any charges, and Ashley was eventually released from jail.

33.    Chief Grooms' behavior that night was an egregious violation of proper police standards and a conscience-shocking violation of numerous provisions of the Constitution.

34.    While Constitutional violations are de facto injuries, as a result of Grooms' actions, Ashley has suffered substantial injuries, including but not limited to the following:

35.    Emotional injuries from a resurgence in her PTSD and abuse trauma;

36.    Lost wages and income from being unable to work;

37.    Surgery and permanent nerve damage to her right wrist;

38.    Property damage due to the broken door.

39.    At all times material to this Complaint, Chief Grooms acted on behalf of and under the supervision of the City of Ord.

40.    The City had full notice of Chief Grooms' pattern and practice of violating the constitutional rights of the public.

41.    Chief Grooms has been investigated by the Nebraska State Patrol for his unconstitutional behavior.

4

42.     Chief Grooms had been the subject of no less than three (3) protection orders from members of the public, accusing Chief Grooms of abusive and aggressive behavior.

43.     The City of Ord knew about these cases and investigations before hiring and promoting Chief Grooms.

44.     Despite this notice, the City of Ord provided Chief Grooms no meaningful training or supervision; any attempts thereto were profoundly inadequate.

45.     The City of Ord intentionally and deliberately disregarded these other demonstrated cases of Chief Grooms' malfeasance.

46.     Had the City of Ord properly trained and/or supervised Chief Grooms, Ashley would not have been unconstitutionally arrested, searched, and injured.

## FIRST CAUSE OF ACTION: FALSE ARREST/UNREASONABLE SEIZURE

47.     Ashley hereby incorporates the foregoing paragraphs as if fully set forth again.

48.     Chief Grooms, acting as the chief policy maker for the City of Ord Nebraska, and according to its policies and customs, arrested Ashley on October 1, 2024.

49.     Chief Grooms did not have probable cause to arrest Ashley for any crime.

50.     Chief Grooms was on scene for a wellness check. He had no reason to believe any crime had occurred and was simply angry that Ashley shut her own front door.

51.     No reasonable or objective police officer in Chief Grooms' position would have believed that Ashley committed a crime by shutting her front door.

52.     Chief Grooms was acting under color of state law when he made the unconstitutional arrest.

## SECOND CAUSE OF ACTION: UNLAWFUL SEARCH

53. Ashley hereby incorporates the foregoing paragraphs as if fully set forth again.

54. After arresting Ashley, Chief Grooms entered her home and searched it.

55. Ashley never gave Chief Grooms permission to search her home.

56. Chief Grooms did not have a warrant to search Ashley's home.

57. No exigent circumstances existed to justify Chief Grooms' search of Ashley's home.

58. Chief Grooms was acting under color of state law when he entered and searched Ashley's home without a warrant or exigent circumstances.

### THIRD CAUSE OF ACTION: EXCESSIVE FORCE

59. Ashley Rooze hereby incorporates the foregoing paragraphs as if fully set forth again.

60. When Chief Grooms arrested Ashley, he wrenched her wrist unnecessarily and with force. He shook her by the wrist and forced her against the wall. He used his considerable physical strength, not because she was resisting, but because he was angry.

61. Ashley was not resisting, and no force was reasonably necessary to take her into custody.

62. Chief Grooms also tightened the handcuffs to the tightest possible setting, cutting into her skin, despite Ashley's lack of resistance and her announcement that he was hurting her. Chief Grooms overtightened the handcuffs because he was angry, and not because it was reasonably necessary to restrain Ashley.

63. As a direct result of Chief Grooms' excessive force, Ashley suffered permanent nerve damage to her wrist, which required surgery.

### FOURTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION

64. Ashley Rooze hereby incorporates the foregoing paragraphs as if fully set forth again.

65.    Chief Grooms arrested Ashley simply because she said "No" when he demanded she restrain her dogs in her own home, and then shut the door before he could enter.

66.    Those acts and/or statements were protected speech under the 1st Amendment of the United States Constitution.

## DAMAGES COMMON TO ALL CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT

67.    Ashley hereby incorporates the foregoing paragraphs as if fully set forth again.

68.    As a direct and proximate cause of the unconstitutional and unlawful actions of Christopher Grooms and the City of Ord, detailed above, Ashley Rooze suffered injuries including but not limited to the following:

a.    Past and future lost earnings;

b.    Past and future medical expenses;

c.    Past and future physical and mental pain, suffering, anguish and emotional distress;

d.    Past and future embarrassment, humiliation, inconvenience, and loss of enjoyment of life; and,

e.    Past and future reputational damage to her name and person.

WHEREFORE, Ashley Rooze prays this Court enter judgment against the Defendants, jointly and severally, on her First, Second, and Third, Causes of Action for the general and special damages that Ashley Rooze has and will continue to sustain; punitive damages as authorized by law; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorneys fees; and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

To the extent a jury trial is permitted by applicable law, Ashley Rooze demands a trial by jury on all matters that are triable to jury, and that the trial be held in the United States District Court for the District of Nebraska.

DATED this 3rd day of November, 2025.

ASHLEY ROOZE, Plaintiff

BY:    */s/ Justin W. Pritchett*
Justin W. Pritchett, #27914
Chandler Conway PC LLO
1018 Dodge Street, Suite 5
Omaha, NE 68102
(p) 402-933-6858
(f) 866-929-7939
justin@chandlerconway.com
ATTORNEY FOR PLAINTIFF